UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-5696-MWF (AFMx)                    Date:  January 12, 2021
Title:     In Re: Cheetah Mobile, Inc. Securities Litigation

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

   Deputy Clerk:                                     Court Reporter:
   Rita Sanchez                                      Not Reported

   Attorneys Present for Plaintiff:                  Attorneys Present for Defendant:
   None Present                                      None Present

**Proceedings (In Chambers):**  ORDER RE: MOTION OF GUAN WEI MAO AND JUN YU FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF CHOICE OF COUNSEL [16]; MOTION OF AZURE FUNDS LLC AND JIE SHANG FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL [20]

Before the Court are two motions:

The first is Plaintiffs Guan Wei Mao ("Mao") and Jun Yu's ("Yu") Motion for Appointment as Lead Plaintiffs and Approval of Choice of Counsel (the "Mao Motion"), filed on August 25, 2020.  (Docket No. 16).  The second is Plaintiffs Azure Funds LLC ("Azure") and Jie Shang's ("Shang") Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel (the "Azure Motion"), filed on August 25, 2020.  (Docket No. 20).

Mao and Yu filed an opposition to the Azure Motion on September 4, 2020.  (Docket No. 25).  Azure and Shang also filed an opposition to the Mao Motion ("Opposition to Mao Motion") on September 4, 2020.  (Docket No. 24).  Mao and Yu filed a reply on September 14, 2020.  (Docket No. 26).  Azure and Shang also filed a reply on September 14, 2020.  (Docket No. 27).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 20-5696-MWF (AFMx)          Date: January 12, 2021
Title:     In Re: Cheetah Mobile, Inc. Securities Litigation

The Court has read and considered the papers filed in connection with the Motion and held a telephonic hearing on September 28, 2020, pursuant to General Order 20-09 arising from the COVID-19 pandemic.

For the reasons set forth below, the motions are ruled upon as follows:

- The Mao Motion is **GRANTED**. Mao and Yu are appointed as Lead Plaintiffs in this action. Rosen Law and Pomerantz are appointed as Co-Lead Counsel.

- The Azure Motion is **DENIED**.

## I. BACKGROUND

This is a class action on behalf of persons and entities that purchased or otherwise acquired Cheetah Mobile securities between March 25, 2019, and February 20, 2020, inclusive (the "Class Period"). (Complaint ¶ 1 (Docket No. 1)). Plaintiffs pursue claims against the Defendants under the Securities Exchange Act of 1934 (the "Exchange Act"). (*Id.*).

Cheetah Mobile is a mobile Internet company that offers mobile utility products (such as Clean Master and Cheetah Keyboard), casual games (such as Piano Tiles 2, Bricks n Balls), and the live streaming product Live.me. (*Id.* ¶ 2). Cheetah Mobile provides its advertising customers, which include direct advertisers and mobile advertising networks through which advertisers place their advertisements, with direct access to highly-targeted mobile users and global promotional channels. (*Id.*).

On February 21, 2020, before the market opened, Cheetah Mobile disclosed that its Google Play Store, Google AdMob, and Google AdManager accounts were disabled on February 20, 2020, "because some of the Company's apps had not been compliant with Google policies, resulting in certain invalid traffic." (*Id.* ¶ 3). On this news, Cheetah Mobile's share price fell $0.61, or nearly 17%, to close at $2.99 per share on February 21, 2020, on unusually heavy trading volume. (*Id.* ¶ 4).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-5696-MWF (AFMx)                    Date:  January 12, 2021
Title:     In Re: Cheetah Mobile, Inc. Securities Litigation

On June 25, 2020, the action *Azure Funds LLC v. Cheetah Mobile, Inc., et al.*, CV 20-05696-MWF (PVCx) (the "*Azure Funds* Action") was commenced against Cheetah Mobile and certain of its officers for violations under the Exchange Act. (*See generally* Complaint). The next day, early notice was issued pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(A)(i), advising potential Class members of, among other things, the claims alleged in this case, the Class Period, and the 60-day deadline for Class members to move this Court to be appointed as lead plaintiff. (*See* Declaration of Laurence M. Rosen ("Rosen Decl."), Ex. 1 (Docket No. 18)).

A related action, captioned *Wang v. Cheetah Mobile, Inc., et al.*, CV 20-06896-MWF (PVCx) (the "*Wang* Action," together with the *Azure Funds* Action, the "Actions"), was subsequently filed in this District against the same defendants asserting substantially similar facts and claims as the *Azure Funds* action. (*See* Joint Stipulation and Proposed Order Consolidating Cases (Docket No. 11)). On August 24, 2020, the Actions were consolidated into the action titled *In re Cheetah Mobile, Inc. Securities Litigation*, CV 20-05696-MWF (PVCx) (the "Consolidated Action"), and the *Wang* Action was closed. (*See* Order Consolidating Actions (Docket No. 12)).

Plaintiffs allege that throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about Cheetah Mobile's business, operations, and prospects. (Complaint ¶ 5). Specifically, Plaintiffs allege Defendants failed to disclose to investors that: (1) certain of Cheetah Mobile's apps were not compliant with the terms of its agreements with Google; (2) there was a reasonable likelihood that Google would terminate its advertising contracts with Cheetah Mobile; (3) Cheetah Mobile's ability to attract new users would be adversely impacted; (4) Cheetah Mobile's revenue was reasonably likely to decline; and (5) Defendants' positive statements about Cheetah Mobile's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-5696-MWF (AFMx)                      Date:  January 12, 2021
Title:    In Re: Cheetah Mobile, Inc. Securities Litigation

## II.   APPOINTMENT OF LEAD PLAINTIFFS

### A.   Legal Standard

Pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(ii), courts must "appoint the most adequate plaintiff as lead plaintiff."  The most adequate plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  § 78u-4(a)(3)(B)(iii).  The PSLRA "provides a simple three-step process for identifying the lead plaintiff pursuant to these criteria."  *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002).

"The first step consists of publicizing the pendency of the action, the claims made and the purported class period."  *Id*. (citing 15 U.S.C. § 78u-4(a)(3)(A)).  Specifically, the "first plaintiff to file an action covered by the Reform Act must post this notice 'in a widely circulated national business-oriented publication or wire service.'"  *Id*. (quoting 15 U.S.C. § 78u-4(a)(3)(A)(i)).

In the next step, the "district court must consider the losses allegedly suffered by the various plaintiffs before selecting as the 'presumptively most adequate plaintiff' and hence the presumptive lead plaintiff . . . the one who 'has the largest financial interest in the relief sought by the class' and 'otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.'"  *Id*. at 729-30 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)).  "In other words, the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit."  *Id*. at 730.  "It must then focus its attention on that plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'"  *Id*.

Finally, the last step involves giving "other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements."  *Id*. (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-5696-MWF (AFMx)          Date:  January 12, 2021
Title:     In Re: Cheetah Mobile, Inc. Securities Litigation

### B.  Discussion

The Court determines that Mao and Yu should be the Lead Plaintiffs, pursuant to the three-step process mandated by the PSLRA.

*First*, the Court determines that all of the motions were timely, as notice was posted pursuant to the PSLRA and all the motions were filed by the deadline posted in the notice of August 25, 2020.  (*See* Rosen Decl., Ex. 1).

*Second*, the Court determines that Plaintiffs Mao and Yu have the largest financial interest in this action.  In assessing financial interest, courts consider the *Olsten-Lax* factors, which are:  (1) gross shares purchased; (2) net shares purchased; (3) net funds expended; and (4) approximate losses suffered.  *See Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015).

Plaintiffs Azure and Shang urge the Court to weigh each factor equally, noting that the first three factors weigh in favor of appointing them as Lead Plaintiffs:

| Movant | *Olsten-Lax* Factors | | | |
| --- | --- | --- | --- | --- |
| | Gross Shares Purchased | Net Shares Purchased | Net Expenditure | LIFO Loss |
| Azure and Shang | 44,989 | 44,989 | $170,677 | $69,659 |
| Mao and Yu | 40,594 | 40,594 | $169,872 | $74,446 |

(Azure Opposition at 4).  Azure and Shang cite primarily to two cases supporting their position that the factors should be weighed equally:  *City of Hollywood Firefighters' Pension Fund v. TransDigm Grp., Inc.*, No. 17-cv-1958, 2017 WL 6028213 (N.D. Ohio Dec. 5, 2017); *Police & Fire Ret. Sys. of City of Detroit v. SafeNet*, Inc., No. 06-cv-5797 PAC, 2007 WL 7952453 (S.D.N.Y. Feb. 21, 2007).

While both cases are persuasive, the Court elects to follow the approach advanced by courts in the Ninth Circuit, elevating the importance of the fourth factor.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 20-5696-MWF (AFMx)**                    **Date:  January 12, 2021**
**Title:**     In Re: Cheetah Mobile, Inc. Securities Litigation

*See*, *e.g.*, *Knox*, 136 F. Supp. 3d at 1163-65; *Richardson v. TVIA, Inc.*, No. CV 06-06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007); *Ferreira v. Funko, Inc.*, CV 20-02319-VAP (PJWx), 2020 WL 3246328, at *5 (C.D. Cal. June 11, 2020) ("Courts in the Ninth Circuit tend to employ the final method and to use a 'last in, first out ('LIFO') methodology.'") (citations omitted).

*Knox*, 136 F. Supp. 3d 1159, is instructive.  In *Knox*, investors brought a putative class action against a corporation that manufactured and sold energy products in China, alleging securities fraud.  *Id.* at 1161-62.  In ruling on motions for appointment of lead plaintiff and class counsel, the court determined that the second and third factors favored the Erodiades, while the first and fourth factors favored the Barocios.  *Id.* at 1163-65.  The court concluded that the Barocios had the largest financial interest, explaining that "courts consider the fourth factor, the approximate losses suffered, as most determinative in identifying the plaintiff with the largest financial loss." *Id.* (citing *Richardson*, 2007 WL 1129344, at *4 (internal quotation marks omitted); *Takara Trust v. Molex Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) ("[M]ost courts simply determine which potential lead plaintiff has suffered the greatest total losses.")).

According to Exhibit 3 to the Rosen Declaration, Mao and Yu lost at least $74,446.62, collectively, as a result of Defendants' alleged actions.  (Rosen Decl., Ex. 3).  This is more than the amount that Plaintiffs Azure and Yang lost, which is $69,659.49, collectively.  (Declaration of Charles H. Linehan, Ex. C (Docket No. 22)).  Therefore, the Court determines that Mao and Yu have the largest financial interest in the litigation.

The Court further determines that Plaintiffs Mao and Yu facially satisfy the requirements of Rule 26.  Mao and Yu's claims are typical of the proposed class, in that they suffered the same injury resulting from the same conduct by Defendants and they base their claims on the same or similar legal theories of the proposed class (namely that Defendants violated the federal security laws by disseminating materially

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-5696-MWF (AFMx)                    Date:  January 12, 2021
Title:      In Re: Cheetah Mobile, Inc. Securities Litigation

misleading statements concerning Cheetah Mobile's operations and financial prospects, causing the Class to suffer damages). (Mao Motion at 6).

The Court further determines that Mao and Yu will fairly and adequately protect the interests of the proposed class. Mao and Yu have demonstrated their adequacy and ability to work collaboratively by the submission of the Joint Declaration in Support of Lead Plaintiff Motion. (Rosen Decl., Ex. 4). Moa and Yu affirmed their understanding of their fiduciary obligations to the Class and will act to vigorously prosecute the case to obtain the greatest possible recovery for the Class. (*See id.* ¶ 7). Although Mao and Yu do not foresee any intra-group issues, they agreed on a dispute resolution mechanism should any disagreements arise in the course of the lawsuit. (*See id.* ¶ 9). Accordingly, the Court determines that Mao and Yu are the presumptive Lead Plaintiffs.

***Third***, the Court determines that no "movant has come forward with 'proof' sufficient to rebut th[e] presumption" that Mao and Yu should be the lead plaintiffs. *Chupa v. Armstrong Flooring, Inc.*, No. CV-19-9840-CAS (MRWx), 2020 WL 1032420, at *3 (C.D. Cal. Mar. 2, 2020) (emphasis added). None of Azure and Shang's legal arguments with respect to financial metrics constitute sufficient "proof" to rebut Mao and Yu's status as the presumptive lead plaintiffs.

Accordingly, the Mao Motion is **GRANTED** to the extent it seeks Mao and Yu to be appointed Lead Plaintiffs.

### III.    APPOINTMENT OF CLASS COUNSEL

#### A.    Legal Standard

The PSLRA mandates that "'[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class.'" *Cohen v. U.S. Dist. Court for N. Dist. of California*, 586 F.3d 703, 709 (9th Cir. 2009) (quoting 15 U.S.C. § 78u–4(a)(3)(B)(v)). "This provision clearly identifies the most adequate plaintiff as the actor that select[s] and retain[s] class counsel," although "this power is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-5696-MWF (AFMx)                    Date:  January 12, 2021
Title:        In Re: Cheetah Mobile, Inc. Securities Litigation

subject to court approval and is therefore not absolute." *Id*. However, "the district court should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently." *Id*. at 711. Instead, "if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Id*. at 712. Therefore, "courts 'should generally defer' to the lead plaintiff's reasonable choice of lead counsel." *Fragala v. 500.com*, CV 15-01463 MMM (Ex), 2015 WL 12513580, at *11 (C.D. Cal. July 7, 2015) (quoting *Cohen*, 586 F.3d at 712).

**B.     Discussion**

The Court is satisfied that Mao and Yu's choice of Rosen Law and Pomerantz as Co-Lead Counsel is reasonable. According to information submitted by Mao and Yu, Rosen Law and Pomerantz each have extensive experience prosecuting complex securities class actions such as this one, and are well qualified to represent the putative Class. (Mao Motion at 7-8) (citing Rosen Decl., Exs. 5 and 6). Both firms have been appointed as Lead Counsel or Co-Lead Counsel in numerous securities class action cases, and they have both achieved numerous settlements on behalf of the securities classes that they have represented. (*Id*., Exs. 5, 6).

The Court also notes that no party objected to the appointment of Rosen Law and Pomerantz as Co-Lead Counsel (other than Azure and Shang asserting that Mao and Yu should not be appointed Lead Plaintiffs).

Accordingly, the Mao Motion is **GRANTED** to the extent it seeks to name Rosen Law and Pomerantz as Co-Lead Counsel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   CV 20-5696-MWF (AFMx)                    Date:  January 12, 2021
Title:     In Re: Cheetah Mobile, Inc. Securities Litigation

## IV.   CONCLUSION

The motions are ruled upon as follows:

- The Mao Motion is **GRANTED**.  Mao and Yu are appointed Lead Plaintiffs, Rosen Law and Pomerantz are appointed as Co-Lead Counsel.

- The Azure Motion is **DENIED**.

IT IS SO ORDERED.