PETER B. MORRISON (SBN 230148)
peter.morrison@skadden.com
VIRGINIA F. MILSTEAD (SBN 234578)
virginia.milstead@skadden.com
ZACHARY M. FAIGEN (SBN 294716)
zack.faigen@skadden.com
BRANDON C. WOLF (SBN 335487)
brandon.wolf@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone:   (213) 687-5000
Facsimile:   (213) 687-5600

*Attorneys for Defendant*
*Cheetah Mobile Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CHEETAH MOBILE, INC. SECURITIES LITIGATION | CASE NO.: 2:20-cv-05696-MWF-PVC |
| GUAN WEI MAO, JUN YU, AND NING WANG, Individually and on behalf of all other similarly situated, | **(1) REQUEST FOR INCORPORATION BY REFERENCE AND JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS;** |
| Plaintiffs, | |
| v. | |
| CHEETAH MOBILE INC., SHENG FU, YUK KEUNG NG, VINCENT ZHENYU JIANG, and THOMAS JINTAO REN, | **(2) DECLARATION OF ZACHARY M. FAIGEN; and** |
| Defendants. | **(3) [PROPOSED] ORDER (lodged under separate cover).** |
| | The Honorable Michael W. Fitzgerald |
| | Hearing Date: August 23, 2021 Hearing Time: 10:00 a.m. Courtroom: 5A |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendant Cheetah Mobile Inc. ("Cheetah") respectfully requests that the Court consider, in connection with Cheetah's Motion To Dismiss Amended Class Action Complaint For Violations Of The Federal Securities Laws ("Motion"), Exhibits 1 through 4 through attached to the Declaration of Zachary M. Faigen ("Faigen Declaration"):

Exhibit 1: A true and correct copy of a February 20, 2020, Google Security Blog Post titled, "Disruptive ads enforcement and our new approach."

Exhibit 2: A true and correct copy of a February 21, 2020, press release issued by Cheetah titled, "Cheetah Mobile Provides Updates on Google Collaboration."

Exhibit 3: A true and correct copy of a November 26, 2018, BuzzFeed News article titled, "These Hugely Popular Android Apps Have Been Committing Ad Fraud Behind Users' Backs."

Exhibit 4: A true and correct copy of a transcript of Cheetah's fourth quarter 2018 earnings call on March 25, 2019.

Each of these Exhibits may be properly considered by the Court in connection with Cheetah's Motion because each Exhibit is (i) incorporated by reference in, and integral to, the Amended Class Action Complaint for Violations of the Federal Securities Laws (the "AC"), and (ii) subject to judicial notice under Federal Rule of Evidence 201.

DATED: May 14, 2021                    SKADDEN, ARPS, SLATE, MEAGHER
                                                    & FLOM LLP


                                       By:_____/s/ Peter B. Morrison_____
                                                    PETER B. MORRISON
                                                    Attorneys for Defendant
                                                    *Cheetah Mobile Inc.*

1

In assessing securities fraud claims, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).[1] "Although often conflated, the doctrine of incorporation by reference is distinct from judicial notice." *Gammel v. Hewlett-Packard Co.*, 905 F. Supp. 2d 1052, 1061 (C.D. Cal. 2012); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (stating "the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201" both "permit district courts to consider materials outside a complaint, but each does so for different reasons and in different ways").

Here, Cheetah respectfully requests that the Court consider Exhibits 1 through 4 to the Faigen Declaration because each Exhibit is both incorporated by reference in the AC and subject to judicial notice.

## I. THE COURT SHOULD CONSIDER EXHIBITS 1-4 BECAUSE THEY ARE INCORPORATED BY REFERENCE IN THE AC

In ruling on a motion to dismiss, the "incorporation by reference doctrine . . . permits a district court to consider documents whose contents . . . are not physically attached to the plaintiff's pleading." *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999), *abrogated in part on other grounds as stated in S. Ferry LP, No. 2 v. Killinger*, 542 F.3d 776 (9th Cir. 2008); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (to "prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based, a court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned").

"[T]he incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs." *Khoja*, 899 F.3d at 1003. It "treats certain documents as though they are part of

---

[1] All emphases are added and internal citations, quotation marks and alterations are omitted unless otherwise stated. Capitalized terms not otherwise defined herein have the same meaning as in the Motion.

2

the complaint itself," and, in doing so, "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.* at 1002 (citing *Parrino v. FHP, Inc*., 146 F.3d 699, 706 (9th Cir. 1998)). The Court may consider a document incorporated by reference when a plaintiff "refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014).

Here, Exhibits 1-4 are incorporated by reference in the AC. Those Exhibits are referenced or relied upon in the following paragraphs of the AC:

| Exhibit No. and Description | Paragraph(s) of the AC |
|---|---|
| Ex. 1: February 20, 2020 Google Security Blog Post titled, "Disruptive ads enforcement and our new approach." | ¶¶ 7, 40 & nn.8 & 11, 85. |
| Ex. 2: February 21, 2020 press release issued by Cheetah titled, "Cheetah Mobile Provides Updates on Google Collaboration." | ¶¶ 7, 88. |
| Ex. 3: November 26, 2018 BuzzFeed News article titled, "These Hugely Popular Android Apps Have Been Committing Ad Fraud Behind Users' Backs." | ¶¶ 57 & n.26, 58, 60, 61, 74, 92. |
| Ex. 4: March 25, 2019 transcript of Cheetah's fourth quarter 2018 earnings call. | ¶¶ 74, 75, 93. |

The Court should consider Exhibits 1-4 under the incorporation by reference doctrine for two reasons. *First,* as the chart above makes clear, the AC references or relies upon Exhibits 1-4 "extensively," which provides a sufficient basis for incorporation by reference. *Khoja*, 899 F.3d at 1002; *see also Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) ("We have extended the doctrine of incorporation by reference to consider documents in situations where . . . the contents of the document are alleged in a complaint."); *In re Intel Corp. Sec. Litig.* 2019 WL 1427660, at *6 (N.D. Cal. Mar. 29, 2019) (incorporating by reference document "cited in two paragraphs of" complaint and

another document that was "quoted or referenced in three paragraphs" of complaint).

*Second*, Exhibits 1, 2 and 4 form the basis of Plaintiffs' claims, which is another separate and independent basis for the Court to consider those documents under the incorporation by reference doctrine. *See Khoja*, 899 F.3d at 1002, 1005; *Coto Settlement*, 593 F.3d at 1038. Plaintiffs allege that Exhibits 1 and 2 constitute a corrective disclosure for purposes of loss causation. (*See* AC ¶¶ 85, 88.) Courts in this Circuit routinely incorporate by reference documents that are alleged to contain the corrective disclosure in a securities class action complaint. *See, e.g.*, *Khoja*, 899 F.3d at 1005; *In re Pivotal Sec. Litig.*, 2020 WL 4193384, at *4 (N.D. Cal. Jul. 21, 2020) (incorporating by reference documents cited as corrective disclosures); *In re WageWorks, Inc. Sec. Litig.*, 2020 WL 2896547, at *4 (N.D. Cal. June 1, 2020) (same); *Immanuel Lake v. Zogenix, Inc.*, 2020 WL 3820424, at *4 (N.D. Cal. Jan. 27, 2020) (same); *Evanston Police Pension Fund v. McKesson Corp.*, 411 F. Supp. 3d 580, 592-93 (N.D. Cal. 2019) (same). Thus, the Court can properly consider Exhibits 1 and 2 in their entirety.

Plaintiffs allege that Exhibit 4 both contains an alleged false or misleading statement and establishes scienter. (*See* AC ¶¶ 74, 93.) Accordingly, Exhibit 4 "forms the basis" of Plaintiffs' claim, and the Court can consider it in connection with the Motion. *See Khoja*, 899 F.3d at 1004 (holding that document containing alleged misstatement was necessarily "part of [defendant's] [alleged] scheme to inflate its stock values" and therefore "formed the basis of the scheme" and was properly incorporated by reference); *Azar v. Yelp, Inc.*, 2018 WL 6182756, at *5 (N.D. Cal. Nov. 27, 2018) (incorporating by reference earnings call transcripts where "Plaintiffs rely extensively on these transcripts in their complaint to allege that Defendants made fraudulent statements"); *In re SunPower Corp. Sec. Litig.*, 2018 WL 4904904, at *3 n.2 (N.D. Cal. Oct. 9, 2018) (incorporating exhibits by reference where "plaintiffs refer to all the motion to dismiss exhibits . . . as the ground for [defendant's] false statements and scienter").

Accordingly, the Court should consider Exhibits 1-4 attached to the Faigen Declaration under the incorporation-by-reference doctrine.

4

## II.    THE COURT SHOULD TAKE JUDICIAL NOTICE OF EXHIBITS 1-4

Federal Rule of Evidence 201 provides that a fact is subject to judicial notice if it is not subject to reasonable dispute in that it is either "(1) . . . generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed R. Evid. 201(b). "[F]acts subject to judicial notice may be considered on a motion to dismiss," *Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987), and a court may "consider items of which it can take judicial notice without converting the motion to dismiss to one for summary judgment." *Belodoff v. Netlist, Inc.*, 2008 WL 2356699, at *3 (C.D. Cal. May 30, 2008).

Here, the Court can take judicial notice of Exhibits 1-4 because they are public records, the contents of which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed R. Evid. 201(b); *see also Lyon v. Gila River Indian Cmty.*, 626 F.3d 1059, 1075 (9th Cir. 2010).

Exhibit 1 is the February 20, 2020 Google Security Blog post. Exhibit 2 is the February 21, 2020 Cheetah press release. Exhibit 3 is the November 26, 2018 Buzzfeed article. It is well established that courts may take judicial notice of "the existence and content of published articles" and press releases. *United States v. W.R. Grace*, 504 F.3d 745, 766 (9th Cir. 2007); *see also Plevy v. Haggerty*, 38 F. Supp. 2d 816, 821 (C.D. Cal. 1998) (taking judicial notice of "press releases, analysts' reports [and] news articles," holding that "the contents of these exhibits are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"); *United States v. Isaacs*, 2008 WL 4346780, at *2 n.4 (C.D. Cal. Sept. 19, 2008) (taking judicial notice of two Los Angeles Times articles), *aff'd*, 359 F. App'x 875 (9th Cir. 2009); *Prodanova v. H.C. Wainwright & Co.*, 2018 WL 8017791, at *5 (C.D. Cal. Dec. 11, 2018) (taking judicial notice of press release); *Brodsky v. Yahoo! Inc.*, 630 F. Supp. 2d 1104, 1111-12 (N.D. Cal. 2009) (taking judicial notice of defendant's press releases, news articles and third-party analyst reports).

Exhibit 4 is the transcript of Cheetah's fourth quarter 2018 earnings call from

March 25, 2019. Courts routinely take judicial notice of conference call transcripts in securities cases for the purpose of determining what was disclosed to the market. *See, e.g.*, *Patel v. Parnes*, 253 F.R.D. 531, 547 (C.D. Cal. 2008) (taking judicial notice of "conference call transcript" to "provide the full context in which information was disclosed to the market"); *Ardolino v. Mannkind Corp.*, 2016 WL 4505172, at *4 (CD. Cal. Aug. 23, 2016) (taking judicial notice of "transcripts of earnings conference calls").

Upon proper notice, the Court is required to take judicial notice of the documents listed above. *See* Fed. R. Evid. 201(c)(2) ("The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information."); *accord Lyon*, 626 F.3d at 1075. Here, Cheetah has requested judicial notice and furnished the Court with the necessary information.

## III. CONCLUSION

For the foregoing reasons, Cheetah respectfully requests that the Court consider, in ruling on Cheetah's Motion, the Exhibits attached to the Faigen Declaration, filed herewith.

DATED: May 14, 2021

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____*/s/ Peter B. Morrison*_____
PETER B. MORRISON
Attorneys for Defendant
*Cheetah Mobile Inc.*

6