**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
Jeremy Lieberman (*pro hac vice*)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com
Email: jalieberman@pomlaw.com

*Co-Lead Counsel for Plaintiffs*

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CHEETAH MOBILE, INC. SECURITIES LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case No.: 2:20-cv-05696-MWF-PVC

**(1) Plaintiffs' Request for Judicial Notice in Support of Plaintiffs' Opposition to Defendant Cheetah Mobile Inc.'s Motion to Dismiss the Amended Class Action Complaint;**

**(2) Declaration of Jeremy A. Lieberman; and**

**(3) [Proposed] Order (lodged under separate cover)**

Judge: Hon. Michael W. Fitzgerald
Courtroom: 5A
Date: August 23, 2021
Time: 10:00 a.m.

Pursuant to Federal Rule of Evidence 201(b), Lead Plaintiffs Guan Wei Mao ("Mao") and Jun Yu's ("Yu") and Named Plaintiff Ning Wang ("Wang," and together with Mao and Yu, "Plaintiffs") hereby respectfully request that the Court consider, in connection with Plaintiff's Opposition to Defendant Cheetah's Motion to Dismiss the Amended Complaint ("Opposition"), Exhibits 1 through 12 attached to the Declaration of Jeremy A. Lieberman in Support of Plaintiffs' Opposition to Defendants' Motion to Dismiss  (the "Lieberman Declaration"):

Exhibit 1: A true and correct copy of the certified English translation of a webpage containing the "Interim Measures for the Administration of Internet Advertising," promulgated by the State Administration of Industry and Commerce of the People's Republic of China.

Exhibit 2: A true and correct copy of a Form 144 signed by Sheng Fu on March 23, 2016, stamped and received by the U.S. Securities and Exchange Commission ("SEC") on March 24, 2016.

Exhibit 3: A true and correct copy of a Form 144 signed by Zhenyu Jiang on November 19, 2019, stamped and received by the SEC on November 20, 2019.

Exhibit 4: A true and correct copy of a Form 144 signed by Edward Mingyan Sun on November 21, 2019, stamped and received by the SEC on November 22, 2019.

Exhibit 5: A true and correct copy of a Form 144 signed by Sheng Fu on November 21, 2019, stamped and received by the SEC on November 22, 2019.

Exhibit 6: A true and correct copy of a Form 144 signed by Yuki Yandan He on November 21, 2019, stamped and received by the SEC on November 22, 2019.

Exhibit 7: A true and correct copy of a Form 144 signed by Pin Zhao[1] on November 21, 2019, stamped and received by the SEC on November 22, 2019.

---

[1] Plaintiffs' research indicates that Pin Zhao and Pin Zhou are the same individual.

1

Exhibit 8: A true and correct copy of a Form 144 signed by Jie Xiao on November 21, 2019, stamped and received by the SEC on November 22, 2019.

Exhibit 9: A true and correct copy of a Form 144 signed by Edward Mingyan Sun on December 23, 2019, stamped and received by the SEC on December 26, 2019.

Exhibit 10: A true and correct copy of a Form 144 signed by Jie Xiao on December 23, 2019, stamped and received by the SEC on December 26, 2019.

Exhibit 11: A true and correct copy of a Form 144 signed by Yuki Yandan He on December 23, 2019, stamped and received by the SEC on December 26, 2019.

Exhibit 12: A true and correct copy of a Form 144 signed by Pin Zhou on December 23, 2019, stamped and received by the SEC on December 26, 2019.

## I.    ARGUMENT

Exhibit 1 is the certified English translation of a webpage containing the "Interim Measures for the Administration of Internet Advertising," promulgated by the State Administration of Industry and Commerce of the People's Republic of China.  Exhibit 1 is subject to judicial notice because the link to the webpage was referenced in Plaintiffs' Amended Complaint (Dkt. No. 38) (the "Complaint").  It is well-established that courts may take judicial notice of documents "referenced in, but not physically attached to, a complaint . . . ." *Aniel v. Litton Loan Servicing, LP*, Case No: C 10-00951 SBA., 2011 WL 635258, at *1 n.2 (N.D. Cal. Feb. 11, 2011) (granting plaintiffs' request for judicial notice of documents referenced in the complaint).  *See also Siemers v. Wells Fargo & Co.,* 2006 WL 3041090, at *13 n. 6 (N.D. Cal. Oct. 24, 2006) (granting plaintiff's request for judicial notice of document relied upon in the second amended complaint).

Accordingly, the Court may consider Exhibit 1 because it was referenced and relied upon in the Complaint.

Exhibits 2 through 12 are subject to judicial notice because they are documents that have been filed with the SEC. The Ninth Circuit has held that SEC filings may properly be considered on a motion to dismiss. *Northstar Fin. Advisors, Inc. v. Schwab Invs.,* 779 F.3d 1036, 1043 (9th Cir. 2015) ("[i]t is appropriate to take judicial notice of this information, as it was made publicly available by [the SEC], and neither party disputes the authenticity of the [documents] or the accuracy of the information displayed therein"); *see also Maas v. Zymbe, LLC*, 2020 WL 2793527, at *2 (N.D. Cal. May 29, 2020) (granting plaintiff's request for judicial notice of a document because it was an SEC filing); *In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1060-61 (C.D. Cal. 2012) (in considering a motion to dismiss, "[c]ourts can consider securities offerings and corporate disclosure documents that are publicly available").

Accordingly, the Court may consider Exhibits 2 through 12 because they are Forms 144 that were filed with the SEC.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court consider Exhibits 1 through 12 to the Opposition.

DATED: June 28, 2021 Respectfully submitted,

**POMERANTZ LLP**

/s/ *Jeremy A. Lieberman*
Jeremy A. Lieberman (admitted *pro hac vice*)
Brian Calandra (*pro hac vice* forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: bcalandra@pomlaw.com

Jennifer Pafiti (SBN 282790)

3

1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Facsimile: (917) 463-1044
Email: jpafiti@pomlaw.com

**THE ROSEN LAW FIRM, P.A.**

By: /s/ *Laurence M. Rosen*

Laurence M. Rosen, Esq. (SBN 219683)
Phillip Kim, Esq. (*pro hac vice*)
Jing Chen, Esq. (*pro hac vice*)
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com
Email: jchen@rosenlegal.com

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein (*pro hac vice* forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
Email: peretz@bgandg.com

*Attorneys for Plaintiffs*

4